IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STANLEY L. WADE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING REMAINING MOTIONS AS MOOT<br><br><br>Civil Case No. 2:08-CV-741 TS<br><br>Criminal Case No. 2:04-CR-141 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case. As a result, Petitioner's remaining Motions[2] are moot.

---

[1] Case No. 2:08-CV-741 TS, Docket No. 1.

[2] Case No. 2:08-CV-741 TS, Docket Nos. 4, 5, and 11.

1

## I.  BACKGROUND

On March 10, 2004, Petitioner, along with his wife, was indicted on a nine-count Indictment.³  Petitioner was charged with seven counts of tax and bankruptcy-related offenses.

On March 10, 2005, Petitioner proceeded to trial.  On March 21, 2005, the jury returned a guilty verdict against Petitioner on all counts.  Petitioner was sentenced on June 22, 2005, to a term of 100 months imprisonment to be followed by 36 months of supervised release.

Petitioner filed a direct appeal.  On appeal, Petitioner raised various arguments, including that the attorney-client privilege was violated when a letter written to him by his attorney, David Black (the "Black letter"), was introduced into evidence, and that the Court improperly sentenced him on the basis of facts not found by the jury.  Defendant's conviction and sentence were affirmed by the Tenth Circuit Court of Appeals.⁴

Petitioner petitioned the United States Supreme Court for a writ of certiorari, which was denied.  Petitioner then petitioned for a rehearing on his motion for a writ of certiorari, which was also denied.

Petitioner filed the instant Motion on September 26, 2008.  The government was ordered to respond, which it did on November 19, 2008.  Petitioner filed his reply on January 5, 2009.

## II.  DISCUSSION

Petitioner raises the following arguments in his § 2255 Motion: (1) the Court exceeded its jurisdiction when it imposed a sentence greater than it had the authority to impose; (2) ineffective assistance of counsel for failure to object to the Court's clear error in relation to the Black letter;

---

³Case No. 2:04-CR-141 TS, Docket No. 1.

⁴*Untied States v. Wade*, 203 Fed. Appx. 920 (10th Cir. 2006).

(3) ineffective assistance of counsel for failure to object to the jury instructions on willfulness; and (4) ineffective assistance of counsel for failure to develop a sound defense to Count V.  In addition, Petitioner has filed two Motions seeking release pending the disposition of his § 2255 Motion[5] and a Motion[6] seeking relief from the Court's prior Order[7] denying Petitioner's Motion for Default.  As a result of the Court's consideration of Petitioner's § 2255 Motion, the Court need not address these remaining Motions and they will be dismissed as moot.

A.   PETITIONER'S SENTENCE

Petitioner first argues that the Court exceeded its jurisdiction when it sentenced Petitioner.  In particular, Petitioner argues that the Court acted outside the scope of its authority when it sentenced Petitioner based on factual findings not made by the jury.

Petitioner made this argument before the Tenth Circuit.  In rejecting it, that court stated:

> Mr. Wade also asserts that the district court calculated his sentence based upon factual findings not made by the jury in violation of *Blakely v. Washington*. Under *Booker*, judicial factfinding is entirely permissible as long as the guidelines are not applied as mandatory.  Here, the district court properly recognized that the guidelines are advisory, so no constitutional violation occurred.[8]

Petitioner attempts to distinguish his argument now from the argument made on direct appeal.  Petitioner argues that the Court acted outside its jurisdiction by imposing the sentence it did.  However, Petitioner's attempt to distinguish his argument from the one made on direct appeal is unavailing because Petitioner's objection remains the same—that the Court erred in

---

[5]Case No. 2:08-CV-741 TS, Docket Nos. 4 and 5.

[6]Case No. 2:08-CV-741 TS, Docket No. 11.

[7]Case No. 2:08-CV-741 TS, Docket No. 9.

[8]*Wade*, 203 Fed.Appx. 920, 935–36 (citations omitted).

calculating his sentence based on facts not found by the jury. This is the precise issue that Petitioner raised on direct appeal. Because the issue raised by Petitioner concerning his sentence have been considered and disposed of on direct appeal, Petitioner may not raise the issue in the instant Motion.[9] If Petitioner is correct in asserting that this is a new issue, not raised on direct appeal, the Court finds it to be procedurally barred.[10]

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner argues that his counsel was ineffective for three reasons: (1) for failing to object to the Court's clear error in relation to the Black letter; (2) for failing to object to the jury instructions on willfulness; and (3) for failing to develop a sound defense to Count V.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[11]

---

[9]*United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (holding that district court did not err in dismissing claims in a § 2255 motion when those claims had previously been brought and disposed of on direct appeal); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

[10]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (stating that if an issue is not raised on direct appeal, petitioner "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered").

[11]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things: First, that Counsel functioned deficiently.[12] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[13] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[14] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[15] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[16]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[17] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[18] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[19]

---

[12] *Strickland*, 466 U.S. at 687.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[18] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[19] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

*1.     The Black Letter*

Petitioner first argues that counsel was ineffective for failing to object to the Court's clear error in relation to the Black letter. The Court must begin by noting that counsel, both in this Court and on direct appeal, did object to the introduction of the Black letter. The Black letter was the subject of extensive briefing in this Court[20] and was the subject of considerable discussion in the Tenth Circuit's decision.[21] Therefore, for the same reasons stated above with respect to Petitioner's sentencing claim, this argument is likely barred.[22]

Turning to the merits of Petitioner's argument, Petitioner argues that his counsel was ineffective for failing to object to the Court's conclusion that neither Mr. Passey nor Mr. Powell were employees of Petitioner, but were instead employees of the Unincorporated Business Organizations ("UBOs"). Even if Petitioner's argument is correct—that both Mr. Passey and Mr. Powell were his employees—the outcome would not be different.

As was noted by this Court, Petitioner showed Mr. Passey the Black letter out of frustration, rather than a need for Mr. Passey to know about the letter and its contents. And as the Tenth Circuit stated:

> Mr. Passey testified that anytime Mr. Wade met with his attorneys, he wanted a witness. Mr. Passey's role as a witness, however, had nothing to do with facilitating the attorney-client communications about the UBOs. Thus, Mr. Wade's disclosure of the letter in the process of venting about the quality of the advice he received (and its expense) had no connection with any responsibilities Mr. Passey had to the Wades individually.[23]

---

[20] Case No. 2:04-CR-141 TS, Docket Nos. 86, 90, 112, and 231.

[21] *Wade*, 203 Fed.Appx. at 923–24.

[22] *Warner*, 23 F.3d at 291; *Prichard*, 875 F.2d at 791.

[23] *Wade*, 203 Fed.Appx. at 924 (citations omitted).

The above passage shows that even if Mr. Passey did work for Petitioner, Peititioner's disclosure of the Black letter to Mr. Passey had no connection to his responsibilities. Thus, the privilege was waived regardless of who employed Mr. Passey.[24] Because Petitioner has not shown that the result would have been different if this Court or the Tenth Circuit found that Mr. Passey was Petitioner's employee, Petitioner cannot meet the second prong of the ineffective assistance test.

Petitioner also complains that his counsel on appeal was ineffective for failing to provide the Tenth Circuit Court of Appeals with the proper information to address this issue. It is true that, on appeal, the government argued that Petitioner had waived the argument relating to the Black letter "by failing to include in the record the letter, the pretrial motions and memoranda, the hearing transcript, or the court's order."[25] However, the Tenth Circuit chose to review the issue because the government had provided a sufficient basis on which to decide the issue.[26] Further, as discussed above, Petitioner has failed to show how he was prejudiced because the result would have been the same if the Tenth Circuit considered both Powell and Passey to be his personal employees.

Based on the above, the Court finds that even if Petitioner's counsel's performance was deficient, the Court cannot find that the deficient performance was prejudicial.

---

[24]*See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 610 (8th Cir. 1977) (stating that in order for employee communication to be protected by the attorney-client privilege the subject matter of the communication must be within the scope of the employee's corporate duties).

[25]*Id*. at 924 n.1.

[26]*Id*.

  2. *Jury Instructions*

Petitioner next argues that his counsel was ineffective for failing to object to the jury instructions on willfulness and for failing to insist upon an appropriate willfulness instruction under *Cheek v. United States*.[27]

In *Cheek*, the Supreme Court addressed the statutory definition of "willful" as it is applied in the tax code. The Court held its cases "conclusively establish that the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'"[28] The Tenth Circuit, in *United States v. Guirdy*,[29] approved of a jury instruction which stated: "For the purposes of this instruction, the term 'wilfully' means to voluntarily and intentionally violate a known legal duty."[30] The Court upheld the use of that jury instruction finding that it "clearly stated the correct legal standard."[31]

Here, the Court employed the following instructions:

> INSTRUCTION NO. 37
> The fourth element of the offense of tax evasion charged in Counts Two, Three, Four, and Five is willfulness. To find the Defendant guilty of violating Section 7201, you must not only find that he committed some affirmative act of evasion, but you must also find that the act or acts were done willfully by him.
> The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the Defendant must have acted voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with a purpose either to disobey or to disregard the law. If the government proves the Defendant knew of his legal duty to file true and correct tax

---

[27] 498 U.S. 192 (1991).

[28] *Id*. at 200-01 (quoting *United States v. Bishop*, 412 U.S. 346, 360 (1973)).

[29] 199 F.3d 1150 (10th Cir. 1999).

[30] *Id*. at 1156.

[31] *Id*.

returns, and that he voluntarily and intentionally violated that duty, then you may find he acted willfully.

      A good faith belief is one which is honestly and genuinely held.  It is for you to decide whether the Defendant acted in good faith or whether he willfully filed false income tax returns.  In making this determination, you may consider all of the evidence received in this case which bears on the Defendant's state of mind.

INSTRUCTION NO. 37 A

      The Defendant's conduct is not willful if you find that he failed to pay his income taxes because of negligence, inadvertence, accident, or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of law.

INSTRUCTION NO. 37 B

      When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.  Although knowledge on the part of the Defendant cannot be established merely by demonstrating that the Defendant was negligent, careless, or foolish, knowledge can be inferred if the Defendant deliberately blinded himself to the existence of a fact.  Knowledge can be inferred if the Defendant was aware of a high probability of the existence of a legal duty to pay income taxes on money generated by the apartment complexes held by the UBOs, unless the Defendant did not actually believe he had a legal duty to pay income taxes on money generated by the apartment complexes held by the UBOs.[32]

Jury Instruction No. 37 closely tracks the language of *Cheek* by stating: "The word 'willfully,' as used in this statute, means a voluntary, intentional violation of a known legal duty."  The instructions then go further to explain that Petitioner's conduct would not be willful if the jury finds that "he failed to pay his income taxes because of negligence, inadvertence, accident, or reckless disregard for the requirements of the law, or due to his good faith

---

[32]Case No. 2:04-CR-141 TS, Docket No. 242, Instruction Nos. 37-37B.

misunderstanding of the requirements of law." Similar language was approved of in *United States v. Winchell*,[33] but not required by *Guidry*.[34]

Petitioner argues that his trial counsel was ineffective for failing to request a more detailed good faith instruction. However, as set forth above, Instruction 37A clearly stated that Petitioner's "conduct is not willful if you find that he failed to pay his income taxes . . . due to his good faith misunderstanding of the requirements of law."[35] Additionally, Instruction 37 defined a good faith belief as "one which is honestly and genuinely held."[36] The Court further instructed the jury: "It is for you to decide whether the Defendant acted in good faith or whether he willfully filed false income tax returns. In making this determination, you may consider all of the evidence received in this case which bears on the Defendant's state of mind."[37] Because the instructions contained a good faith instruction and good faith was adequately explained in the instructions, the Court cannot find that Petitioner's counsel was ineffective for failing to object to it. Nor can the Court find that Petitioner was prejudiced by any failure to object. Further, the Court cannot find that Petitioner's appellate counsel was ineffective for failing to challenge these instructions on appeal.

---

[33] 129 F.3d 1093, 1096-97 (10th Cir. 1997).

[34] 199 F.3d at 1156 ("Concluding the language at issue in *Winchell* was adequate is a far cry from deeming it necessary.").

[35] Case No. 2:04-CR-141 TS, Docket No. 242, Instruction No. 37A.

[36] *Id*. Instruction No. 37.

[37] *Id*.

*3.     Count V*

Petitioner was charged in Count V with evading the payment of taxes owed for the years 1982 to 1984 in violation of 26 U.S.C. § 7201.  Petitioner argues that his counsel was ineffective for failing to develop an adequate defense to this count.  In particular, Petitioner claims that his counsel should have introduced evidence that Petitioner and his wife "had liquid and attachable assets in their own names exceeding $2,000,000 which remained . . . liquid and attachable until time of trial."[38]

> Count V charged Defendant, and his wife, as follows:
>
> From during or about 1992, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of this Indictment, in the Central Division of the District of Utah, defendants herein,
> STANLEY L. WADE AND JANET B. WADE
> residents of Salt Lake City, Utah, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by them to the United States of America for the calendar years 1982 through 1984, in an amount in excess of $1 million, and did aid and abet each other by forming various UBOs to conceal their assets and income-production activities, knowing they had and would have outstanding tax liabilities, and by committing the other acts alleged in paragraphs 1-21 of Count I.
>
> All in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.[39]

The Court explained that in order to find Petitioner guilty on this Count, the jury must be convinced that the government has proved each of the following beyond a reasonable doubt: (1) the Petitioner owed substantial income tax for the years 1982 through 1984; (2) the Petitioner intended to evade and defeat payment of those taxes; (3) the Petitioner committed an affirmative act in furtherance of his intent to evade and defeat payment of his income taxes after March 10,

---

[38]Case No. 2:08-CV-741 TS, Docket No. 2, at 38.

[39]Case No. 2:04-CR-141 TS, Docket No. 1, at 9-10.

1998; and (4) the Petitioner acted willfully, that is, with the voluntary intent to violate a known legal duty.[40]

Petitioner argues that his counsel was ineffective for failing to argue that Petitioner did not create the UBOs to conceal his assets, but rather had liquid assets available. However, the fact that Petitioner may have had liquid assets available to the IRS does not constitute a defense to tax evasion. Indeed, as the government points out, such evidence would provide direct evidence that Petitioner made false statements on his bankruptcy petition as alleged in Counts VI and VIII of the Indictment. Because of this, the Court cannot find that Petitioner's counsel's performance fell below an objective standard of reasonableness by failing raise this as a defense. Similarly, the Court cannot find that appellate counsel's performance was deficient for failing to raise this issue on appeal.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:08-CV-741 TS) is DENIED. It is further

ORDERED that Petitioner's remaining Motions (Docket Nos. 4, 5, and 11) are DENIED AS MOOT. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

---

[40] *Id*. Docket No. 242, Instruction No. 30.

DATED   February 18, 2009.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge